IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERIC WILLIAMS, MATT WILLIAMS
LARRY BEAVER, JOSHUA MELANCON,
RONALD LINGO, and
STANLEY WELLS                                                                PLAINTIFFS

v.                          Case No. 4:16-cv-00134-KGB

WCW, LLC f/k/a WILDCAT WIRELINE,
LLC, and
KLX ENERGY SERVICES, LLC                                                     DEFENDANTS

## ORDER

Plaintiffs Eric Williams, Matt Williams, Larry Beaver, Joshua Melancon, Ronald Lingo, and Stanley Wells filed this matter asserting claims under 29 U.S.C. § 216 of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. Plaintiffs have not pled this case as a collective action; plaintiffs have only asserted individual claims under the FLSA and the AMWA. Currently before the Court is the joint motion for order approving settlement and entry of final judgment dismissing lawsuit (Dkt. No. 27).

The parties indicate that they reached a Settlement Agreement and Release in this case that will bind only the six plaintiffs in this matter. That Settlement Agreement and Release was entered into confidentially and has been filed under seal (Dkt. No. 30). The parties now request that the Court approve the Settlement Agreement and Release and dismiss this action with prejudice.

Settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures

that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Based upon the Court's review of information in the pleadings filed and language in the Settlement Agreement and Release filed under seal, the Court determines that plaintiffs' recovery is reasonable and furthers the implementation of the FLSA in the workplace. The Court approves the Settlement Agreement and Release in full of all claims.

The Court therefore grants the joint motion for order approving settlement and entry of final judgment dismissing lawsuit (Dkt. No. 27). The Court dismisses with prejudice this matter.

So ordered this the 18th day of January, 2017.

_____
Kristine G. Baker
United States District Judge